UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**GIDEON SEAMAN,** individually and on behalf of all others similarly situated

  Plaintiff,

v.

**DU-RITE COMPANY**, a Florida corporation, **STAN JACKOWSKI**, individually, and **BARBARA JACKOWSKI**, individually,

  Defendants.

## COMPLAINT

  COMES NOW, the Plaintiff, GIDEON SEAMAN, on behalf of himself and those similarly situated, hereinafter as "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendants, DU-RITE COMPANY (hereinafter referred to as "DU-RITE"), STAN JACKOWSKI, individually, and BARBARA JACKOWSKI, individually (collectively as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA") and under Florida law.  Plaintiff seeks unpaid wages, liquidated damages or pre-judgment interest, post-judgment interest, reasonable attorney's fee and costs from Defendants, as well as damages resulting from Defendant's retaliation.  Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly employed by Defendants or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Monroe County, Florida, and the Defendant is a Florida corporation who transacts business in Monroe County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, GIDEON SEAMAN, is an individual residing in the County of Monroe, State of Florida. Plaintiff became employed and hired by Defendants on or about approximately May 2011, and worked for Defendant as a "Waiter".

4. At all times material, Plaintiff, GIDEON SEAMAN, was an employee of Defendants within the meaning of the FLSA.

5. The Defendant, DU-RITE, is a corporation formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendants was an employer as defined by 29 U.S.C. §203(d).

6. At all times relevant, the Defendant, STAN JACKOWSKI, was an individual resident of the State of Florida, who owned and operated DU-RITE, where Plaintiff is employed. Defendant STAN JACKOWSKI acted and acts directly in the interests of DU-RITE in

relation to its employees, and thus, Defendant STAN JACKOWSKI was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

7. At all times relevant, the Defendant, BARBARA JACKOWSKI, was an individual resident of the State of Florida, who owned and operated DU-RITE, where Plaintiff is employed. Defendant BARBARA JACKOWSKI acted and acts directly in the interests of DU-RITE in relation to its employees, and thus, Defendant BARBARA JACKOWSKI was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

8. Plaintiff was an employee of Defendants and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

9. Throughout Plaintiff's employment with Defendants, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

10. At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendants having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA.

11. At all times material, Plaintiff regularly was engaged in commerce or the production of goods for commerce.

12. That Plaintiff was forced into "tip-sharing" with the Defendant in violation of the FLSA.

13. That Plaintiff raised the issue of the illegal "tip-sharing" practices of Defendant and was immediately terminated on the spot in retaliation for Plaintiff raising the issue which is a "covered act" under the FLSA.

14. Upon information and belief, the records, to the extent any exist, concerning the number of

hours worked and amounts paid to Plaintiffs, are in the possession and custody of Defendants.

## COUNT I
## FEDERAL MINIMUM WAGE

15. Plaintiff, GIDEON SEAMAN, realleges and incorporates herein the allegations contained in paragraphs 1-14.

16. The Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiff, GIDEON SEAMAN, demands judgment against the Defendants, jointly and severally, for the following:

(a) Unpaid minimum wages found to be due and owing;

(b) An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

## COUNT II
## RETALIATION IN VIOLATION OF THE FLSA

17. Plaintiff, GIDEON SEAMAN, realleges and incorporates herein the allegations contained in paragraphs 1-14.

18. Plaintiff, GIDEON SEAMAN, made formal oral complaints regarding Defendant's practice of improper "tip-sharing" and "tip-retention".

19. The aforementioned complaints constituted protected activity under the FLSA.  29 U.S.C. §215(a)(3).

20. Plaintiff, GIDEON SEAMAN, was immediately, in retaliation to the oral complaints, no longer permitted to work the regular and usual hours that he had routinely worked prior to making such complaints.

21. Defendant had no legitimate or lawful reason for preventing Plaintiff's ability to work in response to the aforementioned complaints.

22. Defendant, actions violated the anti-retaliation provision of the FLSA.  29 U.S.C. §215(a)(3).

WHEREFORE, Plaintiff, GIDEON SEAMAN demands judgment against the Defendants, jointly and severally, for the following:

   (a)   Find that Defendants intentionally retaliated against Plaintiff in violation of the FLSA;

   (b)   Order such injunctive and equitable relief that will make Plaintiff whole for the above violations,

   (c)   Award Plaintiff compensatory and punitive damages;

   (d)   Order such injunctive and equitable relief necessary to prevent future violations;

   (e)   Award Plaintiff his reasonable attorney's fees, costs, and expenses; and,

   (f)   Grant such other relief as is just and proper.

## COUNT III
## RETALIATION IN VIOLATION – FLORIDA LAW

23. Plaintiff, GIDEON SEAMAN, realleges and incorporates herein the allegations contained in paragraphs 1-14.

24. Plaintiff, GIDEON SEAMAN, made formal oral complaints regarding Defendant's practice of improper "tip-sharing" and "tip-retention".

25. Plaintiff, GIDEON SEAMAN, was immediately, in retaliation to the oral complaints, no longer permitted to work the regular and usual hours that he had routinely worked prior to making such complaints.

26. Defendant had no legitimate or lawful reason for preventing Plaintiff's ability to work in response to the aforementioned complaints.

27. Defendant, DU-RITE COMPANY's actions violated the anti-retaliation provision of the Florida Statutes.

WHEREFORE, Plaintiff, GIDEON SEAMAN demands judgment against the Defendant, DU-RITE COMPANY, for the following:

(a) Find that Defendants intentionally retaliated against Plaintiff in violation of the Florida Statutes §448.102;

(b) Order such injunctive and equitable relief that will make Plaintiff whole for the above violations,

(c) Award Plaintiff compensatory and punitive damages;

(d) Order such injunctive and equitable relief necessary to prevent future violations;

(e) Award Plaintiff his reasonable attorney's fees, costs, and expenses; and,

  (f) Grant such other relief as is just and proper.

## COUNT IV
## DECLARATORY RELIEF

28. Plaintiff, GIDEON SEAMAN, respectfully seeks the issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants actions as described in the Complaint as unlawful and in violation of FLSA and applicable regulations and are and were willful as defined in FLSA;

## DEMAND FOR JURY TRIAL

29. Plaintiff demands a jury trial on all issues so triable.


DATED:  July 10, 2011

            MILITZOK & LEVY, P.A.
            *Attorneys for Plaintiff*
            The Yankee Clipper Law Center
            3230 Stirling Road, Suite 1
            Hollywood, Florida 33021
            (954) 727-8570 - Telephone
            (954) 241-6857 – Facsimile
            bjm@mllawfl.com

            By: /s/ Brian Militzok
            BRIAN J. MILITZOK, ESQ
            Fla. Bar No.: 0069993